Levitan v Herman (2024 NY Slip Op 51198(U))

[*1]

Levitan v Herman

2024 NY Slip Op 51198(U)

Decided on August 30, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 30, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LISA S. OTTLEY, JJ

2022-802 K C

Vladimir Levitan, Appellant,
against
Irina Herman, Respondent. 

Law Office of Matthew S. Porges (Matthew S. Porges of counsel), for appellant.
Irina Herman, respondent pro se.

Appeal from a decision of the Civil Court of the City of New York, Kings County (Nicholas W. Moyne, J.), entered August 19, 2022, deemed from a judgment of that court entered September 28, 2022 (see CPLR 5512 [a]). The judgment, insofar as appealed from, after a nonjury trial, upon awarding plaintiff $5,700 on his cause of action, awarded defendant $5,700 on her counterclaim.

ORDERED that the judgment, insofar as appealed from, is reversed, without costs, and the matter is remitted to the Civil Court for the entry of an amended judgment dismissing the counterclaim.
In this small claims action, plaintiff seeks to recover the principal sum of $5,700 based on a breach of contract. Defendant interposed a counterclaim seeking the principal sum of $10,000.
At a nonjury trial, it was undisputed that plaintiff had worked as a licensed associate real estate broker at defendant's real estate brokerage agency; that the parties had verbally agreed that they would evenly divide all commissions that were paid upon sales that plaintiff brokered; and that defendant owed plaintiff $5,700, which was 50% of the commission on a sale plaintiff had brokered. However, defendant claimed that plaintiff had failed to pay her half of the [*2]commissions on certain other sales he had brokered, including the sale of an apartment for $760,000, for which defendant claimed a $5,700 commission. Plaintiff testified that the brokerage agreement for that property had expired and that the seller had thereafter sold the property himself without paying any brokerage commission. Defendant failed to provide any evidence to refute plaintiff's assertions. Following the trial, in a decision entered August 19, 2022, the Civil Court (Nicholas W. Moyne, J.) awarded plaintiff the principal sum of $5,700 on his cause of action and awarded defendant $5,700 on her counterclaim, for a net judgment of $0. Plaintiff's appeal from the decision is deemed to be from so much of a judgment entered September 28, 2022 as awarded defendant $5,700 on her counterclaim (see CPLR 5512 [a]).
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Here, defendant failed to substantiate her claim that plaintiff had been paid any commission on the $760,000 apartment sale, and thus failed to prove her entitlement to any recovery on her counterclaim. We therefore conclude that, insofar as the judgment awarded defendant the principal sum of $5,700 on her counterclaim, it failed to render substantial justice between the parties according to the rules and principles of substantive law (see CCA 1804, 1807). While the counterclaim must be dismissed, we leave undisturbed so much of the judgment as awarded plaintiff the principal sum of $5,700, from which no appeal has been taken.
Accordingly, the judgment, insofar as appealed from, is reversed, and the matter is remitted to the Civil Court for the entry of an amended judgment dismissing the counterclaim.
TOUSSAINT, P.J., MUNDY and OTTLEY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 30, 2024